IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ALVIN B. BAILEY, SR., : | |
| : | |
| Claimant : | |
| : | |
| v. : | CASE NO. 3:11-CV-38-CDL-MSH |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| _____ | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for supplemental security income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in

reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

---

[1]    Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## **Administrative Proceedings**

Claimant applied for supplemental security income (SSI) on July 24, 2007, alleging disability as of June 28, 2008,[2] for right hip pain, diabetes, prostate problems, and medication problems. (Tr. 155; ECF No. 9.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ").

---

2 The alleged onset date was amended at the administrative hearing.

The Claimant appeared before an ALJ for a hearing on November 5, 2009. (Tr. 19-25.) At the hearing, Claimant alleged disability due to right hip and knee problems. (Tr. 69.) Following the hearing, the ALJ issued an unfavorable decision on November 24, 2009. (Tr. 19-25.) The Appeals Council ultimately denied Claimant's Request for Review on February 12, 2011. (Tr. 1-3.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since July 24, 2007.[3] (Tr. 21.) The ALJ then found that Claimant's osteoarthritis of the right hip, diabetes mellitus and obesity were severe, but that neither they nor or any combination of his impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21.) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a range of medium work, and that he must avoid prolonged walking and can only occasionally climb ladders, ropes and scaffolds. (Tr. 21.) The ALJ determined that Claimant could perform past relevant work as a restaurant cook. (Tr. 23-25.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

The sole issue for determination in this case is whether the ALJ erred in determining Claimant's residual functional capacity where he claims the ALJ improperly

---

[3] The ALJ did note that Claimant was currently working as a part-time cook, but that the hours he worked did not constitute substantial gainful activity as defined by the Regulations.

rejected the treating physician's opinion, substituted his own opinion, failed to obtain a consultative evaluation, and failed to obtain testimony of a vocational expert (VE). (Cl.'s Br. 4.)

## I.     Treating Physician's Opinion

Claimant first argues that the ALJ committed reversible error by rejecting the opinion of his treating physician, Dr. Gonzales[4], who opined that Claimant could not do any prolonged walking, standing or sitting. (Cl.'s Br. 5, ECF No. 12.) The Regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing. 20 C.F.R. §§  416.927(e)(1), (2) & (3); SSR 96-5p.  Determinations of disability or RFC "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 416.927(e); *see* SSR 96-5p.

---

4 Dr. Gonzales was the physician who saw Claimant at the prison where he was incarcerated.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). A medical opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record. *Id*. Even if a medical opinion is not entitled to controlling weight, however, the opinion of a treating physician is entitled to substantial or considerable weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam). The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion,

the consistency of the opinion with the record as a whole, and the specialty of the medical source.  20 C.F.R. § 416.927(d).

Here, Claimant argues that the ALJ improperly accepted his treating physician's opinion regarding prolonged walking, but rejected his opinion regarding his ability to stand and sit. (Cl.'s Br. 5.)  Claimant further argues that his medical records corroborated the physician's opinion of his ability to walk, stand and sit. (*Id.*)  Claimant, however, fails to show that Dr. Gonzales' opinion was even entitled to controlling weight.  First, Claimant has not established that Dr. Gonzales was a treating physician.  As the Commissioner noted in his brief, the record contains only one treatment note from Dr. Gonzales. (Tr. 242.)  In discussing Claimant's RFC, the ALJ noted the single treatment note from Dr. Gonzales was written almost two years prior to his alleged onset date. (Tr. 23.)  It is also noted that the x-rays that Claimant argues support Dr. Gonzales' opinion were taken over three years after his opinion was rendered.  Furthermore, as the ALJ noted in his opinion, the prolonged walking limitation, as well as the occasional climbing of ladders, ropes and scaffolds limitation, were only made to accommodate Claimant's obesity. (*Id.*)  As such, no error is found as to Claimant's claim that the ALJ erred in discounting his treating physician's opinion.

Within this claim, Claimant also contends that the ALJ erroneously substituted his own opinion for that of the treating physician. (Cl.'s Br. 5.)  The Eleventh Circuit has clearly held that an ALJ "may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional." *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992).  However, an ALJ "is free to reject the opinion of any physician when the

7

evidence supports a contrary conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). In this case, the ALJ properly discussed the opinion of Dr. Gonzales, explaining why he gave it less than controlling weight. No error is found as to this claim.

## II.   Consultative Examination

Claimant next contends that the ALJ erred by failing to order a physical consultative examination to determine the functional limitations regarding Claimant's hip impairment. Because a hearing before an ALJ is not an adversary proceeding, an ALJ has a basic duty to develop a full and fair record. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). When a claimant is not represented by counsel and has not waived the right to counsel, the ALJ has a special duty to ensure that favorable as well as unfavorable facts and circumstances are elicited for review. *Id.*; *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *McConnell v. Schweiker*, 655 F.2d 604, 606 n.2 (5th Cir. 1981). In the instant action, the record demonstrates that Claimant was represented by counsel. Thus, the ALJ's duty was not a special duty.

The ALJ may still be required to order consultative exams and tests when they are necessary to make an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984). In the case at bar, however, the record contained sufficient evidence from which the ALJ could make an informed decision regarding the severity of Claimant's hip impairment and further evaluations were not necessary to fully develop the record.

Claimant also fails to identify how he was prejudiced by the ALJ's purported failure to develop the record regarding his hip impairment. Even in the case of a special duty, "there must be a showing of prejudice before it is found that the claimant's right to

due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). Claimant failed to establish that he was prejudiced by the ALJ's failure to obtain a consultative examination. As such, Claimant's contention fails and no error is found as to the ALJ's decision not to order that a consultative examination be performed on Claimant.

## III.   Vocational Expert

Claimant lastly argues that the ALJ failed to obtain the testimony of a vocational expert ("VE") to determine if the job base had been eroded by the limitation in his RFC of his ability to walk for prolonged periods[5]. As noted above, the ALJ determines at step four if a Claimant is able to return to past work once his RFC has been determined. In this case, the ALJ found that Claimant's RFC would allow him to return to past work.[6]

The Regulations state that an ALJ is only required to perform a step five inquiry to determine whether a claimant can perform other work in the national economy (through a VE or the grids) only after he has determined that the claimant cannot perform his past relevant work. *See* 20 C.F.R. §404.920(a)(4). Here, the ALJ was not required to elicit evidence of other jobs Claimant could perform in the national economy or apply the grids once the ALJ determined Claimant could perform his past relevant work. *See,* e.g., 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step,

---

5   Claimant also argues that the ALJ erred in failing to define the meaning of "prolonged walking." (Cl.'s Br. 8.) The Court finds this error to be harmless in view of the Dictionary of Occupational Titles' ("DOT") description of Claimant's past relevant work, which included only occasional walking and required walking or standing. *See* DOT, App. C, § IV (c).
6   It is noteworthy that Claimant's previous work as a cook only stopped because the restaurant closed, not due to his impairments. (Tr. 54.)

we make our determination or decision and we do not go on to the next step."); *see also Walker v. Bowen*, 826 F.2d at 1000 ("Before an ALJ can apply the grids, he must determine that person is not doing substantial gainful activity and is prevented by a severe medically determinable impairment from doing vocationally relevant past work."). Therefore, the ALJ was not required to continue the sequential evaluation to step five to obtain the testimony of a VE. This claim lacks merit.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 23rd day of January, 2012.

S/ Stephen Hyles .
UNTED STATES MAGISTRATE JUDGE